Richard L. PHILLIPS, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 451, Docket 29480.

United States Court of Appeals
Second Circuit.

Argued May 24, 1965.

Decided June 10, 1965.

Robert E. Connolley, New York City, for plaintiff-appellant.

Robert E. Kushner, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., Southern District of New York, and James G. Greilsheimer, Asst. U. S. Atty., New York City, and Herbert Grossman, Department of Justice, Washington, D. C., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and SMITH and KAUFMAN, Circuit Judges.

LUMBARD, Chief Judge:

Richard Phillips appeals from a dismissal of his suit against the government for lack of subject matter jurisdiction. He brought the suit in the Southern District of New York to recover $680.94, which sum the District Director of the Internal Revenue Service had collected, pursuant to a notice of levy, from the New Rochelle Thermatool Corp. The levy was made in order to satisfy taxes owed by Ray Johnson, on the assumption that Thermatool owed this sum to Johnson. Phillips alleges that the sum was owed to him, not to Johnson, and that he is entitled to its return.

The dispositive question on this appeal is whether Phillips' action comes within one of the statutory provisions permitting suits against the government. Phillips relies principally on 28 U.S.C. § 1346 (a)(1), which confers jurisdiction on the district courts over

"[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have

been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

██ Had the levy been made in order to satisfy taxes allegedly owed by Phillips himself, no reason appears why he could not have brought his suit under § 1346(a) (1). Judge Bonsal concluded, however, that the section is not available where the plaintiff does not bring suit as a taxpayer, a conclusion also reached by the Third Circuit in First National Bank of Emlenton, Pa. v. United States, 265 F.2d 297 (1959). We think that this is the correct interpretation.

We cannot say that the contrary interpretation, for which Phillips contends, would do serious violence either to the language or to the evident purpose of the section, particularly since the difference between the two interpretations would be merely formal in most cases. It is not questioned that a non-taxpayer may maintain an action against the District Director, see Bullock v. Latham, 306 F.2d 45 (2 Cir. 1962) ; Stuart v. Chinese Chamber of Commerce, 168 F.2d 709 (9 Cir. 1948), or that the cost of a judgment obtained in such an action will in most cases be borne by the government. See 28 U.S.C. § 2006.

██ Here, as in many cases, the answer to the question of statutory interpretation depends on the spirit in which it is approached. Unfortunately for the plaintiff, the spirit proper to judicial consideration of a waiver of sovereign immunity is not one of generosity and broad interpretation. See Hammond-Knowlton v. United States, 121 F.2d 192, 204–205 (2 Cir.), cert. denied, 314 U.S. 694, 62 S.Ct. 410, 86 L.Ed. 555 (1941). Faced with what is at best an absence of any evidence as to an intent to waive sovereign immunity with respect to suits by non-taxpayers, we think that § 1346 (a) (1) should be interpreted as not extending to such suits.

██ Phillips also contends that this is an action to enforce an implied contractual obligation of the government to return the money and that it therefore may be brought under § 1346(a) (2). A contract rests on consent, however, and no contractual relationship can exist where, as here, the government collects the money under a claim of right and over Phillips' protest.

The judgment of the district court is affirmed.