**EIGHTH STREET BAPTIST CHURCH, INC., Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 476–69.**

United States Court of Appeals, Tenth Circuit.

Sept. 23, 1970.

Myles C. Stevens, Kansas City, Kan. (Elmer C. Jackson, Jr., James P. Davis and A. B. Howard, and Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., of counsel, on the brief) for plaintiff-appellant.

Leonard J. Henzke, Jr., Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Gilbert E. Andrews, and Janet R. Spragens, Attys., Dept. of Justice, and Robert J. Roth, U. S. Atty., of counsel, on the brief), for defendant-appellee.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM:

The plaintiff-appellant Eighth Street Baptist Church sued for refund of federal income taxes withheld by it under 26 U.S.C. § 3402 and paid to the United States. The district court held that the application of these withholding requirements did not violate the Church's rights and privileges under the First Amendment. On this appeal we are met with the threshold issue of federal court jurisdiction.

 The Church withheld federal income taxes on the wages of its organist, pianist, choir director, janitor, and clerk in the claimed amount of $5,112.06. Jurisdiction is asserted under 28 U.S.C. § 1346. Subsection (a) (1) thereof provides that the United States District Courts shall have original jurisdiction of any civil action against the United States for the "recovery" of any tax, penalty, or sum erroneously or illegally assessed or collected under the internal revenue law. This statute has been construed to permit only actions brought by taxpayers.

Phillips v. United States, 2 Cir., 346 F. 2d 999, 1000, and First National Bank of Emlenton v. United States, 3 Cir., 265 F.2d 297, 299–300.

Here, the Church is not the taxpayer; it is merely the collection agent for its taxpayer-employees. See Jules Hairstylists of Maryland, Inc. v. United States, Md., 268 F.Supp. 511, 513, affirmed 4 Cir., 389 F.2d 389, cert. denied 391 U.S. 934, 88 S.Ct. 1847, 20 L. Ed.2d 854. The withheld sums become "prepaid income tax" when received by the Treasury Department and are refundable to the taxpayer-employee, not to the withholding employer. Cf. 26 U.S.C. § 6513(b). Because § 1346 is a waiver of sovereign immunity, it must be narrowly construed. Phillips v. United States, supra. If the amount claimed was wrongfully assessed and collected, the employees, not the Church, would be entitled to sue. The Church is not the taxpayer entitled to "recovery" and accordingly the district court did not have jurisdiction under § 1346(a) (1).

The judgment of dismissal is affirmed.