511 F.2d 661
 75-1 USTC P 13,074
 Roy M. HOFHEINZ, Independent Executor of the Estate of Irene
C. Hofheinz, Plaintiff,
v.
UNITED STATES of America, Defendant-Appellee,
v.
HOUSTON CITIZENS BANK AND TRUST COMPANY, Co-Trustees of the
Roy M. Hofheinz Charitable Foundation, Movant-Appellant.
 No. 74--2768.
 United States Court of Appeals,
Fifth Circuit.
 April 17, 1975.
 
 Louis B. Paine, Jr., B. Hunter Loftin, J. Kent Friedman, Houston, Tex., for movant-appellant.
 
 
 1
 Anthony J. P. Farris, U.S. Atty., Houston, Tex., Louis A. Bradbury, Tax Div., Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown, Atty., Gilbert E. Andrews, Acting Chief Appell. Sec., Tax Div., U.S. Dept. of Justice, Washington, D.C., Howard A. Weinberger, Michael L. Paup, George G. Wolf, Attys., Tax Div., Dept. of Justice, Dallas, Tex., for defendant-appellee.
 
 
 2
 Marvin K. Collie, Donald F. Wood, Houston, Tex., for other interested parties.
 
 
 3
 On Appeal from the Order of the United States District Court for the Southern District of Texas.
 
 
 4
 Before WISDOM and DYER, Circuit Judges, and KRAFT*, District Judge.
 
 
 5
 C. WILLIAM KRAFT, District Judge.
 
 
 6
 The sole question presented on this appeal is whether a residuary legatee may intervene as a party plaintiff in a pending suit brought by the executor of an estate against the United States[1] for the recovery of excessive federal estate tax, alleged to have been erroneously assessed and collected. The court below summarily denied appellants' motion for leave to intervene. Its order will be affirmed.
 
 
 7
 The essential facts are as follows: Irene C. Hofheinz died, testate, on December 1, 1966. Roy M. Hofheinz (Executor) was appointed executor of her estate. The relevant dispository provisions of the decedent's will gave two million dollars in real estate, securities or other property to the Hofheinz Family Trust No. 2 (Trust) and the residue of her estate to the Roy M. Hofheinz Charitable Foundation (Foundation) of which Roy M. Hofheinz and The Houston Citizens Bank and Trust Company are cotrustees. All taxes were to be paid from the residue of her estate. By written conveyance, effective August 31, 1967 a portion of decedent's interest in 22,000 shares of stock of Houston Sports Association, Inc. (H.S.A.) was distributed to the Trust in partial satisfaction of the two million dollar bequest. A value of approximately $96.59 per share was placed on the H.S.A. stock by the Executor at the time of this transfer.
 
 
 8
 The Internal Revenue Service later audited the decedent's federal estate tax return and determined that the H.S.A. stock had a fair market value of $400.00 per share and assessed a deficiency, which, with interest and penalty, amounted to $2,302,210.65. The Executor[2] paid this sum from assets of the estate and the Trust and thereafter brought suit for a refund in which appellants then sought to intervene under F.R.C.P. 24(a)(2) and 24(b)(2).
 
 
 9
 The appellee urges that appellants, who were not the taxpayer, lack standing to join in the action because of want of waiver of immunity in their favor by the United States and, alternatively, that appellants do not meet the conditions prescribed by Rules 24(a)(2) and 24(b)(2). The court below assigned no reason for its order denying appellants' motion and we do not know the basis of its decision.
 
 
 10
 The language of 28 U.S.C. § 1346(a)(1) '(i)s reasonably to be read as merely authorizing a taxpayer, or perhaps someone claiming in the interest of a taxpayer, to sue to get back taxes which the taxpayer has wrongfully been required to pay.' First National Bank of Emlenton, Pa. v. United States, (3 Cir. 1959), 265 F.2d 297, 299--300. In the present case the taxpayer has brought the suit and no necessity exists for others to act in the taxpayer's interest. One of the two co-trustees for the Foundation who sought to intervene, Roy M. Hofheinz, is the same individual who, as the Executor and taxpayer, is plaintiff in the action.
 
 
 11
 In Phillips v. United States (2 Cir. 1965), 346 F.2d 999, the court held that § 1346(a)(1) is not available where the plaintiff does not bring the suit as a taxpayer. In reaching its decision the court stated (p. 1000): 'Faced with what is at best an absence of any evidence as to an intent to waive sovereign immunity with respect to suits by non-taxpayers, we think that § 1346(a)(1) should be interpreted as not extending to such suits.'
 
 
 12
 The Court of Appeals for the Tenth Circuit adopted the same reasoning and reached the same result in Eighth Street Baptist Church, Inc. v. United States (10 Cir. 1970), 431 F.2d 1193.
 
 
 13
 We find neither authority nor reason to impel us to reach a different conclusion here. We hold that, in the circumstances of this case, appellee's sovereign immunity has not been waived and appellants' motion to intervene was properly denied.
 
 
 14
 Affirmed.
 
 
 
 *
 C. William Kraft, Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 28 U.S.C. § 1346 United States as Defendant
 (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
 (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;
 
 
 [2]
 26 U.S.C. § 2002. Liability For Payment
 The tax imposed by this chapter shall be paid by the executor.