ESTATE OF Florence A. DEDERICK, Anna D. Harz, Executrix, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 81–876.

United States District Court, D. New Jersey.

Oct. 16, 1981.

Riker, Danzig, Scherer & Hyland by Peter F. Eld, Morristown, N. J., Windels, Marx, Davies & Ives by Robert C. Miller, M. Jack Duksin, New York City, for plaintiffs.

Steven Toscher, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., William W. Robertson, U. S. Atty., by Lorraine S. Gerson, Asst. U. S. Atty., Newark, N. J., for the Government.

## OPINION

CLARKSON S. FISHER, Chief Judge.

This is a motion brought by the defendant, United States of America, to dismiss the underlying action as to three named plaintiffs, The Presbyterian Church in Westfield, New Jersey, Muhlenberg Hospital, and Children's Specialized Hospital (the Charities). Also named as plaintiff is Anna D. Harz, the executrix of the estate of Florence A. Dederick (Executrix). Disposition of this motion is without an oral hearing pursuant to Fed.R.Civ.P. 78.

This is an action brought under 28 U.S.C. § 1346(a)(1) for the refund of federal estate taxes alleged to have been illegally or erroneously assessed or collected from the estate of Florence A. Dederick. The government asserts that insofar as 28 U.S.C. § 1346(a)(1), the statute which confers jurisdiction on this court in actions for tax refunds, only authorizes suits by taxpayers, and since the Charities are not taxpayers but merely beneficiaries under the decedent's will, this court lacks jurisdiction to entertain their claims. The Charities contend that the Executrix has been fully discharged by the full performance of her duties as enumerated in a May 16, 1976 settlement agreement which was incorporated into a decree of the Probate Division of the Union County Court in New Jersey. From this they conclude that, pursuant to

Rev.Rul. 73–366, 1973–2 C.B. 408, they are proper party plaintiffs. For the reasons set forth herein, the Government's motion is granted.

Under 28 U.S.C. § 1346(a)(1) only a taxpayer may bring a suit for the recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected. *Hofheinz v. United States*, 511 F.2d 661, 662 (5th Cir. 1975); *First National Bank of Emlenton, Pa., v. United States*, 265 F.2d 297, 299–300 (3d Cir. 1959). As stated by the Third Circuit, the language of § 1346(a)(1) "[i]s reasonably to be read as merely authorizing a taxpayer, or perhaps someone claiming in the interest of a taxpayer, to sue to get back taxes which the taxpayer has wrongfully been required to pay." *Id.* at 299–300.

The Charities claim that Rev.Rul. 73–366, 1973–2 C.B. 408 authorizes residuary legatees to be proper party plaintiffs in an action seeking a refund of federal estate taxes. However, that revenue ruling is expressly limited only to situations in which the executor has been discharged. By its terms, the ruling requires that any claim for a refund brought by such beneficiaries should be "accompanied by a certified copy of the court order granting the discharge of the executor and a certified copy of the order of distribution."

In this case, discharge of the Executrix is provided for in paragraph 7 of the settlement agreement which states that proper performance by the Executrix of the duties set forth in paragraphs 3, 4, 5 and 6 of the agreement constitutes her complete discharge by the residuary legatees. Only paragraphs 4 and 6 are relevant for the purposes of this motion. Paragraph 4, among other things, requires the Executrix to file with the Internal Revenue Service a claim for refund. This, of course, has been done. For paragraph 6, in the case of a refund claim, compliance requires that an agreement be reached between the Executrix and both the I.R.S. and New Jersey's Inheritance Tax Bureau with respect to any refund amount due to the estate. Any re-

fund received is to be paid one-third to each charity. The fact that there is no express mandate that the Executrix pursue an action against the I.R.S. to recover a refund claim is not determinative. The Executrix is the sole party who filed a claim for a refund and pursued the claim through the administrative procedures.

Thus, I am not satisfied that the Executrix has been discharged. I do not agree with the Charities when they allege that paragraph 7 of the settlement agreement "on its face completely discharges the Executrix." Further, despite the fact that the complaint explicitly alleges the circumstances under which the Charities contend the Executrix was discharged, she is still a named plaintiff therein. At no place in the complaint is her status brought into question.

Accordingly, Rev.Rul. 73–366 is inapplicable to the case at hand. The law is clear that 28 U.S.C. § 1346(a)(1) authorizes refund suits only by taxpayers. To extend this authorization to the Charities under the facts of this case would be to imply improperly a waiver of sovereign immunity. *See Phillips v. United States*, 346 F.2d 999, 1000 (2d Cir. 1965). Thus, the Government's motion to dismiss the Charities as improper parties is granted. The Government will submit an order within ten days. No costs.