**Dorothy E. SNODGRASS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 87–4567**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 31, 1987.

---

F. John Reeks, Jr., David Klotz, Bodenheimer, Jones, Klotz & Simmons, Shreveport, La., for plaintiff-appellant.

David N. Crapo, Tax Div., Dept. of Justice, Michael C. Durney, Act. Asst. Atty. Gen., Gary R. Allen, Murray S. Horwitz, Washington, D.C., Joseph S. Cage, Jr., U.S. Atty., David A. Titman, Asst. U.S. Atty., Shreveport, La., Michael P. Paup, Chief, Appellate Sec., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before RUBIN, WILLIAMS, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A wife seeks a refund of federal taxes, penalties, and interest paid by her husband with funds that belonged to her or to the community of property existing between them. She alleges that the taxes were erroneously and illegally assessed against and collected from her. The district court dismissed the suit for lack of subject matter jurisdiction because the wife lacked standing to sue under the statute she invoked, 670 F.Supp. 179. We affirm this judgment, for the district court correctly concluded that the statute on which the wife relies does not allow suit by a party other than the taxpayer against whom the taxes were assessed, at least when the IRS has not coerced the payment by the third party.

Pursuant to 26 U.S.C. § 6672(a), the United States assessed a penalty against Thomas F. Snodgrass, the husband of Dorothy E. Snodgrass, for his alleged failure to pay certain federal income taxes and social security taxes. These taxes had been withheld from the employees of companies of which Thomas Snodgrass was an official, Latham Exploration Company, Inc. and companies associated with it. The Internal Revenue Service filed notices of tax liens against Snodgrass's property, including the family home located at 722 Coachlight Road, Shreveport, Louisiana, which was property of the community of acquets and gains existing between him and his wife. Thereafter, Mr. and Mrs. Snodgrass sold the Coachlight Road property. In order to release the liens on the property and deliver a clear title, Snodgrass sent the net proceeds of the sale, approximately $51,000, to the IRS. Mrs. Snodgrass seeks to recover one-half of the sum remitted, the proceeds of the sale of her undivided one-

half interest in the property, amounting to $25,529.06. In the alternative, she contends that she is entitled to a refund of $7,500, which is equal to one-half of the homestead exemption.

Because the United States, as a sovereign, cannot be sued without its consent, Mrs. Snodgrass seeks to find a waiver of the government's immunity, and authority for her suit, in a statute that gives the district courts original jurisdiction of "[a]ny civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws." [1]

Although the language of this statute is susceptible of a broader interpretation, this court and several others have held that the statute permits only the taxpayer who has paid a tax to seek its refund, thus adopting in this instance as in others [2] the policy of narrow construction of waivers of immunity. In *Hofheinz v. United States*, this court stated that § 1346(a)(1) is to be read "as merely authorizing the taxpayer, or perhaps someone claiming in the interest of a taxpayer, to sue to get back taxes which the taxpayer has wrongfully been required to pay." [3] Mrs. Snodgrass was not the "taxpayer" with respect to the taxes in question; her husband, against whom the taxes were assessed, was the "taxpayer."

The Seventh Circuit has reached the same conclusion on precisely the set of facts involved here.[4]

As Mrs. Snodgrass points out, some cases have allowed a refund suit by a third party who has been coerced by the government into paying taxes owed by another.[5] Nearly all of these cases, however, were decided before Congress in 1966 amended the Internal Revenue Code to provide a judicial remedy for third parties whose interest in property was harmed by a wrongful government levy.[6] The legislative history of this section, 26 U.S.C. § 7426, indicates Congress's intent that it, rather than an expansively-interpreted § 1346(a)(1), serve as the remedy for third parties harmed by tax levies.[7] We have recently noted that this "wrongful levy" provision is now the only means by which third parties may challenge the tax-collection activities of the IRS.[8]

■ Mrs. Snodgrass has failed to establish that the government coerced her into paying the taxes. In each of the cases on which she relies, the government had threatened the plaintiff with personal liability, for example with seizure of the property,[9] or the government intended that the burden of the tax fall on the plaintiff, as for example in the tax on excess cotton production challenged by cotton growers in *Stahmann v. Vidal*.[10] In contrast, the Snodgrasses themselves decided to sell their house; the IRS never demanded that they do so; and the IRS required payment

1. 28 U.S.C. § 1346(a)(1) (1982).

2. *See, e.g., Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 306 (5th Cir.1985), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 716 (1986); *Garcia v. United States*, 776 F.2d 116, 118 (5th Cir.1985); *Knights of Ku Klux Klan v. East Baton Rouge Parish*, 735 F.2d 895, 902 (5th Cir.1984).

3. 511 F.2d 661, 662 (1975) (*quoting First National Bank of Emlenton, Pa. v. United States*, 265 F.2d 297, 299–300 (3d Cir.1959)). *See also Phillips v. United States*, 346 F.2d 999, 1000 (2d Cir.1965); *Busse v. United States*, 542 F.2d 421, 425 (7th Cir.1976); *Eight Street Baptist Church, Inc. v. United States*, 431 F.2d 1193, 1194 (10th Cir.1970).

4. *Busse*, 542 F.2d at 424–25; *see also Collins v. United States*, 532 F.2d 1344, 1347–48 & n. 2, 209 Ct.Cl. 413 (1976).

5. *See, e.g., Stahmann v. Vidal*, 305 U.S. 61, 59 S.Ct. 41, 83 L.Ed. 41 (1938); *Collins v. United States*, 532 F.2d at 1347–48; *White v. Hopkins*, 51 F.2d 159 (5th Cir.1931).

6. 26 U.S.C. § 7426(a)(1) (1982).

7. *See Busse*, 542 F.2d at 425 (*citing* Sen.Rep. No. 1708, 89th Cong., 2d Sess., 1966 U.S. Code Cong. & Admin. News at 3750).

8. *Interfirst Bank Dallas*, 769 F.2d at 307 n. 12.

9. *United States v. Halton Tractor Co.*, 258 F.2d 612 (9th Cir.1958); *White*, 51 F.2d at 159.

10. 305 U.S. at 65–66, 59 S.Ct. at 43.

of the proceeds only as a condition of releasing the tax liens so that the Snodgrasses' buyer could receive clear title. Under virtually identical facts, the Seventh Circuit has refused to permit suit under § 1346(a)(1).[11]

Mrs. Snodgrass's reliance on the Court of Claims decision in *Collins v. United States*[12] is misplaced, for in that case suit was brought under 28 U.S.C. § 1491 rather than the statute under which Mrs. Snodgrass seeks to proceed. Finally, since the sovereign-immunity bar to her suit deprives the courts of subject matter jurisdiction,[13] we do not consider her argument that she has standing to seek a refund.

We recognize that inequity may result from our dismissing this action and consigning the Snodgrasses to another remedy against the government, or perhaps no remedy at all. However, as the Second Circuit has summed up, "[T]he spirit proper to judicial consideration of a waiver of sovereign immunity is not one of generosity and broad interpretation."[14] Democratic sovereigns, like kings, may do wrongs, but in the absence of their consent, the courts of their nations lack jurisdiction to remedy the harms they have wrought. The judgment of the district court is therefore AFFIRMED.

---

**11.** *Busse,* 542 F.2d at 423.

**12.** 532 F.2d 1344, 209 Ct.Cl. 413 (1976).

**13.** *Interfirst Bank Dallas,* 769 F.2d at 303.

**14.** *Phillips,* 346 F.2d at 1000.