Mona M. MARTIN; John A. Martin,
Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 89–2036.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1989.

Decided Feb. 12, 1990.

William Michael Ferris (Lynn T. Krause, Michaelson, Krause & Ferris, P.A., Annapolis, Md., on brief), for plaintiffs-appellants.

Kevin Martin Brown (James I.K. Knapp, Acting Asst. Atty. Gen., Gary R. Allen, William S. Estabrook, Dept. of Justice, Washington, D.C., Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for defendant-appellee.

Before HALL and WILKINSON, Circuit Judges, and WINTER, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

John and Mona Martin, husband and wife, appeal from an order of the district court dismissing their suit for refund of taxes brought pursuant to 28 U.S.C. § 1346(a)(1). We find that the district court erred in dismissing the refund suit, and we reverse.

## I.

Mona Martin was formerly married to Jerry Brodsky. They were divorced in 1979. As part of the divorce Brodsky signed a property settlement in which he agreed to deed his interest in the couple's home at 1890 Champlain Drive, Severn, Maryland, to his wife. Although the divorce became final in 1979, Brodsky did not execute the deed until November 29, 1983, when he transferred the property to Mona Martin and her new husband, John Martin. For various reasons, the deed was not recorded until November 14, 1984.

On July 18, 1984, after the deed was executed but before it was recorded, the Internal Revenue Service ("IRS") filed a notice of federal tax lien in the amount of $20,225.34 for taxes owed by Jerry Brodsky and his brother and business partner, Mark Brodsky, doing business as Graphic Image. On November 30, 1984, the Martins closed on the sale of the Champlain Drive property to Mr. and Mrs. Joseph Jennings. At the closing Michael Seganish, the attorney conducting the closing, advised the Martins that the federal tax lien filed against Jerry Brodsky was a lien against the Champlain Drive property. Seganish withheld $21,600.44 from the proceeds of the sale and placed the money in an escrow account pending his attempts to

obtain a release of the lien. Thereafter, without the knowledge of the Martins and after unsuccessfully attempting to have the lien released,* Seganish paid $18,822.55 in taxes, interest and penalties owed by Jerry and Mark Brodsky in order to deliver a clear title to the buyers, Mr. and Mrs. Jennings.

Upon learning of the payment, John and Mona Martin sought a refund from the IRS of the amount paid. In a letter dated February 22, 1988, the IRS conceded that no lien was created on the Chaplain Drive property because Brodsky had already deeded his interest in the property to the Martins when the notice of lien was filed. The IRS refused to refund the taxes paid, however, because "there is no provision or procedure by which the Service can return the tax voluntarily paid by the Martins." After the IRS denied their request for a refund, the Martins filed suit in district court to recover the taxes. The district court granted the IRS's motion to dismiss on the grounds that the Martins had no standing to sue for a refund because they were not the taxpayer against whom the tax was assessed. This appeal followed.

## II.

On appeal, appellants contend that they have standing to sue the IRS for a refund of the taxes paid under 28 U.S.C. § 1346(a)(1), which provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

As the district court in this case acknowledged, there is a split of authority among the courts over the jurisdictional reach of this statute. In opinions finding lack of jurisdiction, the reason generally cited for the denial is that, since the statute constitutes a waiver of sovereign immunity, it must be narrowly construed. A narrow construction allows only those taxpayers who were actually assessed by the IRS to bring suit in federal court to recover the amounts paid. *See, e.g., Snodgrass v. United States,* 834 F.2d 537 (5th Cir.1987); *Busse v. United States,* 542 F.2d 421 (7th Cir.1976); *Eighth Street Baptist Church,* 431 F.2d 1193 (10th Cir.1970); *Phillips v. United States,* 346 F.2d 999 (2d Cir.1965); *Ellison v. United States,* 558 F.Supp. 158 (W.D.Mo.1982).

Some courts broadly viewing the jurisdictional purview of the statute have done so for equitable reasons to avoid barring a plaintiff from a right of recovery against the United States for taxes erroneously paid. *See, e.g., United States v. Halton Tractor Co.,* 258 F.2d 612 (9th Cir.1958); *Schoenherr v. United States,* 566 F.Supp. 1365 (E.D.Wis.1983). Other courts have found that a person may qualify as a taxpayer and sue under § 1346(a)(1) if the payment of a third party's taxes was not voluntary or intended as a donation. *Adams v. United States,* 380 F.Supp. 1033 (D.Mon.1974); *McMahon v. United States,* 172 F.Supp. 490 (D.R.I.1959). The district court chose to follow those decisions that have narrowly construed the statute and held that only the taxpayer against whom the tax was assessed has standing to sue for a refund. Because the taxes in this case were assessed against Jerry and Mark Brodsky, the court found that the Martins had no standing to sue for a refund of the taxes.

This Circuit has not addressed the question of standing under § 1346(a)(1). The district court relied in part, however, on the district court decision in *Factory Storage*

---

* Seganish wrote to the IRS on January 14, 1985, seeking a release of the lien. He contended that because Jerry Brodsky had agreed in a separation agreement to transfer his interest in the Champlain Drive property to his wife, he re-

tained "bare legal title" to which no lien could attach; he did not mention execution of the deed. The IRS advised Seganish that the lien was valid and that all taxes must be paid before the lien could be released.

**994**

*Corp. v. United States,* 611 F.Supp. 433 (E.D.N.C.1985). There, a limited partner, Factory Storage, paid taxes on behalf of the partnership under the erroneous belief that it had lost its limited partner status and was therefore personally liable for taxes assessed against the partnership. The district court followed what it perceived to be the majority view and held that because the taxes in question were actually assessed against the partnership, Factory Storage did not have standing to sue under § 1346(a)(1). 611 F.Supp. at 435.

Although appellants argue for a broad reading of the statute and the IRS argues for a narrow interpretation, we think the result of this case requires neither, but lies instead in a plain reading of the statute which gives the district courts jurisdiction over civil actions brought against the government to recover any tax "alleged to have been erroneously or illegally *assessed or collected....*" (Emphasis added.) Although the statute is silent as to who can bring the action, implicit in its language is that one against whom the tax was erroneously assessed *or* collected has standing to do so.

In the case at hand, after appellants paid the taxes, the IRS conceded that it did not have a valid lien on the property because Brodsky did not have a sufficient ownership interest in it. Thus, there is no question in this case but that the taxes paid by the appellants were erroneously collected.

The statute clearly allows one from whom taxes are erroneously or wrongfully collected to sue for a refund of those taxes. The taxes in this case were erroneously collected from the appellants because they did not owe them. The district court erred in finding that the statute does not allow the appellants to sue for a refund.

Accordingly, the judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.