**John R. DELIN, III, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 4–91–812–A.

United States District Court, N.D. Texas, Fort Worth Division.

April 9, 1992.

Bruce Stuart Campbell, McLean & Sanders, Fort Worth, Tex., for plaintiff.

Jon E. Fisher, U.S. Dept. of Justice, Tax Div., Dallas, Tex., for defendant.

## MEMORANDUM OPINION
## AND ORDER

McBRYDE, District Judge.

Came on to be considered the motion of defendant, United States of America, to dismiss. The court, having considered the motion, the response of plaintiff, John R. Delin, III, ("Delin"), the record, and the applicable authority, finds that the motion should be denied.

On November 26, 1991, Delin filed his complaint against defendant. He alleges that in October, 1989, Grounds Tech, Inc., ("Grounds"), of which he was president and sole stockholder, became insolvent; that the assets and liabilities of this corporation were acquired by Ladcor Corporation, of which he was also the sole stockholder and president; that during the period from October 1, 1987, to June 30, 1989, Grounds did not timely make income and employment tax payments to defendant; that the employment taxes due from Grounds were divided into a "trust fund tax" category and a "non-trust fund tax" category; that the insolvency of Grounds prevented the

defendant from collecting such employment taxes directly from Grounds; that he, as president of Grounds, was designated by defendant as the "responsible person", as that term is defined by case law interpreting 26 U.S.C. § 6672,[1] for Grounds and, therefore, was assessed a 100% penalty by defendant; that he made voluntary payments from his personal funds to defendant in an amount sufficient to satisfy the entire trust fund portion of Grounds' tax liability; that he requested the Internal Revenue Service ("IRS") to apply these payments to the trust fund portion of the liability, but that defendant, nevertheless, applied payments of $29,375.56 to the non-trust fund portions of the tax liability; that because these non-trust fund taxes were not taxes for which he could be individually liable pursuant to the 100% penalty, he was damaged in this amount; and that applications of these payments were detrimental, arbitrary, unlawful, and directly conflicted with internal operating policies of the IRS. Complaint at 1–3.

Defendant now moves to dismiss Delin's complaint, contending that Delin does not have standing to bring this tax refund suit pursuant to 28 U.S.C. § 1346(a). Section 1346(a)(1) provides, in pertinent part, that:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

Delin urges the court to follow *Martin v. United States*, 895 F.2d 992 (4th Cir.1990). In *Martin*, the court stated:

evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over . . .

---

1. 26 U.S.C. § 6672(a) provides, in pertinent part: Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to

Although appellants argue for a broad reading of the statute and the IRS argues for a narrow interpretation, we think the result of this case requires neither, but lies instead in a plain reading of the statute which gives the district courts jurisdiction over civil actions brought against the government to recover any tax "alleged to have been erroneously or illegally *assessed* or *collected....*" (Emphasis added.) Although the statute is silent as to who can bring the action, implicit in its language is that one against whom the tax was erroneously assessed or collected has standing to do so.

*Id.* at 994. Although the Fourth Circuit's reading of § 1346(a)(1) is reasonable, the court must decline Delin's invitation to give the statute such a broad reading. The Fifth Circuit has expressly stated with regard to § 1346(a)(1) that:

> Although the language of this statute is susceptible of a broader interpretation, this court and several others have held that the statute permits only the taxpayer who has paid a tax to seek its refund, thus adopting in this instance as in others the policy of narrow construction of waivers of immunity. In *Hofheinz v. United States*, [511 F.2d 661 (5th Cir. 1975)] this court stated that § 1346(a)(1) is to be read "as merely authorizing the taxpayer, or perhaps someone claiming in the interest of a taxpayer, to sue to get back taxes which the taxpayer has wrongfully been required to pay."

*Snodgrass v. United States*, 834 F.2d 537, 539 (5th Cir.1987) (footnotes omitted).

However, even the narrow reading by the Fifth Circuit of § 1346(a)(1) does not provide comfort to defendant. The statutory definition of the term "taxpayer" is "any person subject to any internal revenue tax." 26 U.S.C. § 7701(a)(14). When that definition is applied to the case at hand, the conclusion is inescapable that Delin is a "taxpayer". *See Allan v. United States*, 386 F.Supp. 499, 504 (N.D.Tex. 1975), *aff'd*, 514 F.2d 1070 (5th Cir.1975). In *Allan*, Judge Porter stated that in a § 6672 setting, "the taxpayer is not the corporation but instead is the responsible person from whom the tax (or 'penalty') is attempted to be collected." *Id.* Judge Porter reasoned that to argue that a "responsible person" is not a "taxpayer" seems to be a variance with the language of § 6672. *Id.*

The defendant urges in support of her motion the opinions in *Busse v. United States*, 542 F.2d 421 (7th Cir.1976), and *Arndt v. United States*, 493 F.Supp. 552 (S.D.Tex.1980). Those cases are not in point.

In *Busse*, plaintiff's husband secretly liquidated a corporation. They were subsequently divorced, and plaintiff was awarded the family home by the court. Prior to the divorce, the IRS had assessed deficiencies of approximately $4,300 against the husband for unpaid taxes owed by the corporation. The IRS filed tax lien notices on the basis of the assessments. Thereafter, plaintiff sold the family home in order to raise money. However, in order to remove the tax lien on the home and deliver clear title to the buyer, plaintiff paid the assessed taxes. In an ensuing action for refund, the Seventh Circuit dealt with the issue of whether a person, who is *not* liable for the $4,300 tax deficiencies, but pays them in order to remove a lien against her property, may sue for a refund. The court held that, since she was not the "taxpayer," she did not have standing to bring the refund action. For reasons previously noted, Delin is a "taxpayer."

In *Arndt*, plaintiff sought to recover $42,000 in taxes which he had paid on behalf of a corporation to protect his interests in property. After the corporation became delinquent in paying its withholding and social security taxes, the IRS levied on certain properties belonging to the plaintiff and the corporation. The IRS was in the process of selling the properties in order to satisfy the taxes due from the corporation. Plaintiff paid the $42,000 in taxes to avoid losing his interests in the property. He was not a "taxpayer", as that term is defined by statute, but was merely a third party whose property had become involved in the government's attempts to collect tax-

928

es the government did not claim he owed. Here, Delin is a "taxpayer."

## ORDER

For all the foregoing reasons,

The court ORDERS that the motion of defendant, United States of America, to dismiss, be, and is hereby, denied.