**PERSHING DIVISION OF DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, a Delaware corporation, Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 93–1719.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 8, 1993.

Decided April 27, 1994.

Jeffrey P. DeJong (argued), Robert P. Bramnik, Altheimer & Gray, Chicago, IL, for plaintiff-appellee.

Eileen M. Marutzky, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Div., Chicago, IL, Gary R. Allen, David I. Pincus (argued), Joan I. Oppenheimer, Paula Speck and David S. Newman, Dept. of Justice, Tax Div., Appellate Section, Washington, DC, for defendant-appellant.

Before COFFEY and EASTERBROOK, Circuit Judges, and CURTIN, District Judge.*

CURTIN, District Judge.

This case is before us on appeal of a grant of summary judgment and order to refund taxes collected by the United States Internal Revenue Service. The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.

## I. Background

Timothy Sirmer and other defendants in the case below set up a sham corporation, "Key West," in order to embezzle more than $3 million from plaintiff-appellee Pershing. Sirmer pled guilty to criminal charges and was sentenced to a prison term and repayment of more than $2 million in restitution. Pershing sued the Key West defendants and eventually settled its claims against them. In its amended complaints, Pershing added the defendant-appellant United States ("government") in order to recoup the tax on the embezzled funds which Key West voluntarily paid to the I.R.S. in 1988 and 1989.

The government refused a refund to Pershing for two reasons. It first claimed sovereign immunity and lack of subject matter jurisdiction. Secondly, it asserted its right to keep the funds under the rule articulated in *James v. United States*, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961), that embezzled income is taxable.

The district court granted summary judgment to Pershing and ordered the govern-

---

* The Honorable John T. Curtin, District Judge from the Western District of New York, is sitting by designation.

ment to refund the taxes paid by Key West, finding that the government's collection of this money amounted to an unconstitutional taking without just compensation in violation of the Fifth Amendment. The district court did not rule on any of the other claims, nor was the jurisdiction problem addressed.

## II. Standard of Review

■ There are two issues on appeal: (1) Whether the district court had subject matter jurisdiction over appellee's claim; and (2) whether retention of the taxes paid by Key West violated the Fifth Amendment of the United States Constitution, which forbids the taking of private property for public purposes without just compensation. Both issues present legal questions which are subject to *de novo* review.

## III. Discussion

The government contends that the district court lacked subject matter jurisdiction to decide this claim because the Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Court of Federal Claims exclusive jurisdiction for damage claims against the United States which exceed $10,000.00. *See Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). The government maintains that none of the statutes cited by Pershing in its complaint conferred jurisdiction. The general jurisdictional statute, 28 U.S.C. § 1331, permits a district court to grant declaratory judgment in a "takings" claim, but does not waive the government's sovereign immunity to suit for compensation. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 71 n. 15, 98 S.Ct. 2620, 2629 n. 15, 57 L.Ed.2d 595 (1978). The Little Tucker Act, 28 U.S.C. § 1346(a)(2) does waive sovereign immunity, but only for compensation not exceeding $10,000.00.

■ Pershing first asserts the district court has original subject matter jurisdiction over "takings" cases which concern taxes under 28 U.S.C. § 1346(a)(1), regardless of the amount of compensation sought. Section 1346(a)(1) grants the district court original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected...." (1993).

This court has previously ruled that only persons legally liable for paying a given federal tax may bring a refund suit under this section. *Lac Courte Oreilles Chippewa Indians v. United States I.R.S.*, 845 F.2d 139 (7th Cir.1988); *Busse v. United States*, 542 F.2d 421 (7th Cir.1976). Pershing concedes that these cases express the "taxpayer only" limitation, but argues that there is nothing in the plain language of the statute or its legislative history to support such a construction. Appellee urges this court to modify its view and take the broader interpretation adopted by the Fourth Circuit, which stated that, "implicit in [the statute's] language is that one against whom the tax was erroneously assessed *or* collected has standing to do so." *Martin v. United States*, 895 F.2d 992, 994 (4th Cir.1990) (emphasis in original). Alternatively, Pershing argues that if the court follows this "taxpayer" approach, then it should be recognized as a taxpayer under a theory of constructive or involuntary payment.

Most circuit courts agree with the interpretation of § 1346(a)(1) offered by *Lac Courte Oreilles and Busse*. *See, e.g., Snodgrass v. United States*, 834 F.2d 537 (5th Cir.1987); *Economy Plumbing & Heating Co. v. United States*, 470 F.2d 585 (Ct.Cl. 1972); *Eighth Street Baptist Church, Inc. v. United States*, 431 F.2d 1193 (10th Cir.1970). Absent explicit language to the contrary, a waiver of sovereign immunity must be narrowly construed. *Busse*, 542 F.2d at 425. Pershing has not persuaded us that there is any reason to change our reading of this statute.

■ Pershing also argues that 28 U.S.C. § 1367 gave the district court supplemental jurisdiction over the refund claim because that claim has a "common nucleus of operative facts" with the other claims in the case. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). The government counters that while *Gibbs* set the standard for determining when a federal court has pendent (now supplemental) jurisdiction over related state law claims,

it did not consider federal claims for which Congress has expressly limited jurisdiction. The government cites several cases from other circuits which found that an express limitation embodied in the Tucker Act cannot be overcome by supplemental jurisdiction. *See Hahn v. United States*, 757 F.2d 581 (3rd Cir.1985); *McKay v. United States*, 703 F.2d 464 (10th Cir.1983); *Lenoir v. Porters Creek Watershed District*, 586 F.2d 1081, 1088 (6th Cir.1978). And this court referred explicitly to the Tucker Act in holding that "[o]nly the claims court may award more than $10,000 against the United States on account of claims under the Constitution...." *Rose Acre Farms, Inc. v. Madigan*, 956 F.2d 670, 673 (7th Cir.1972). Section 1367 cannot override this exclusive jurisdiction.

 Pershing's final argument [1] is the one on which the district court based its decision. Relying primarily on *Armstrong v. United States*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960), the court ruled that the government may not assert sovereign immunity as a defense to suit for recovery under the Takings Clause. In *Armstrong*, the United States properly confiscated ships forfeited by a shipbuilder who was unable to fulfill its contract to the government. The confiscation effectively destroyed the liens held by the subcontractors. The *Armstrong* Court held that the destruction of the liens due to the Government's immunity from suit constituted a taking for public purposes without just compensation. However, *Armstrong* never questions the right of Congress to limit its waiver of immunity to suit to a particular court. Indeed, *Armstrong* originated in the court of claims. Therefore, *Armstrong* cannot be read to confer subject matter jurisdiction to the district court.

## IV. Conclusion

The government correctly maintains that the Tucker Act prevents the district court from providing relief for claims against the United States when the amount of compensation sought exceeds $10,000.00. Because the

---

1. Pershing also attempts to use § 1346(b) as a jurisdictional basis for its conversion claim. While § 1346(b) grants jurisdiction to the district court for tort claims against the United States,

---

district court lacked subject matter jurisdiction to decide Pershing's claim, we need not consider whether the government's refusal to refund taxes paid by Key West on funds embezzled from the appellee constitute a violation of the Fifth Amendment. The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.

§ 2680 excepts any claim such as this one that arises out of the assessment or collection of any tax.