Lori Rabin WILLIAMS,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 92–56207.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1994.

Decided May 19, 1994.

Philip Garrett Panitz, Gose, Panitz & Lechman, Camarillo, CA, for plaintiff-appellant.

Kevin M. Brown, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Opinion by Judge O'SCANNLAIN

O'SCANNLAIN, Circuit Judge:

We must decide whether one who erroneously pays the taxes of another may sue for a refund.

I

In April 1975, Jerrold Rabin ("Rabin") and his then wife Lori Rabin (now Lori Williams) ("Williams") purchased a house in Pacific Palisades, California. On June 29, 1987, and March 28, 1988, the government assessed employment tax liabilities against Rabin. On October 20, 1988, Rabin transferred all of his interest in the house to Williams as her separate property. On October 25, 1988, Rabin recorded a quitclaim deed giving title to "Lori Williams an unmarried woman." [1] On November 10, 1988, the Internal Revenue Service ("IRS") filed the first in a series of tax liens against the property in order to satisfy outstanding employment taxes owed by Rabin and Marco Polo 1, a partnership in which Rabin was a general partner. On January 19, 1989, Williams filed a petition for dissolution of her marriage to Rabin.

On approximately May 9, 1989, Williams entered into an escrow agreement to sell the house. On June 26, 1989, the IRS recorded another lien. Under protest, Williams authorized disbursement of $41,369 to the IRS so that she could convey clear title. On March 19, 1990, Williams' marriage to Rabin was dissolved.

After her administrative claim for refund was denied, Williams filed suit in federal district court under 28 U.S.C. § 1346(a)(1)

---

1. The couple was still married at the time.

**1144**

for a refund of the money owed by Rabin which she had paid to the IRS, plus interest, costs, and attorneys' fees. The parties filed cross-motions for summary judgment. The government argued lack of jurisdiction because 28 U.S.C. § 1346(a)(1) does not allow suits by third-party plaintiffs. On September 2, 1992, the district court denied Williams' motion for summary judgment and granted the government's motion for summary judgment. The district court held that a third party who is not liable for a tax, but who pays it in order to remove a lien against property, may not sue for a refund under 28 U.S.C. § 1346(a)(1). Williams timely appealed.

## II

■■■ Jurisdiction is the only issue before this court. The government argues that section 1346(a)(1) limits standing to the "taxpayer," defined as the person against whom taxes were assessed. Title 28 U.S.C. § 1346(a) reads:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

Williams contends that section 1346(a)(1) specifically grants jurisdiction for taxes that are "erroneously collected" which is precisely what happened to her. In response, the government argues "that the Government's consent to be sued must be construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, — U.S. —, —, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992) (internal quotations omitted).

Although the government is correct that "[w]aivers of the Government's sovereign im-

munity, to be effective, must be 'unequivocably expressed,'" *id.* at —, 112 S.Ct. at 1014, we believe that the language of section 1346(a)(1) clearly permits such suit. The Fourth Circuit addressed this same issue in *Martin v. United States*, 895 F.2d 992 (4th Cir.1990). In *Martin*, the IRS filed a lien against property which then belonged, after a divorce, to the former wife ("Martin"), to satisfy the tax liabilities of the former husband. Martin paid the tax in order to remove the lien so that she could sell the property with clear title. She then sued for a refund under 28 U.S.C. § 1346(a)(1). The district court dismissed the suit for lack of jurisdiction, but the Fourth Circuit reversed. The Fourth Circuit relied on "a plain reading of the statute which gives the district courts jurisdiction over civil actions brought against the government to recover any tax 'alleged to have been erroneously or illegally *assessed or collected.*'" *Martin*, 895 F.2d at 994. The court concluded that "[t]he statute clearly allows one from whom taxes are erroneously or wrongfully collected to sue for a refund of those taxes. The taxes in this case were erroneously collected from the appellant[ ] because [she] did not owe them." *Id.*

We find the reasoning of the Fourth Circuit persuasive and adopt *Martin* as the law of this circuit. The facts in the case before us are similar. As in *Martin*, "there is no question in this case but that the taxes paid by the appellant[ ] were erroneously collected," *id.;* in open court, the government conceded its 1989 lien was not valid against Williams' property.[2]

Our decision to follow *Martin* is consistent with prior precedent. In *Parsons v. Anglim*, 143 F.2d 534, 536 (9th Cir.1944), we held that a widow who erroneously paid her husband's income taxes after his death had standing to bring suit for a refund because she had been told that if she did not pay her husband's taxes immediately, she would have to pay penalties to the government. Similarly, in *United States v. Halton Tractor Co.*, 258

**2.** Our decision is consistent with the Supreme Court's requirement of an "unequivocal expression" to sustain a waiver of sovereign immunity. *United States v. Nordic Village, Inc.*, — U.S. —, —, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992). That case concerned an ambiguous waiver of sovereign immunity under § 106 of the Bankruptcy Code, whereas the plain language of § 1346(a)(1) unambiguously covers *all* cases of erroneous tax assessment and collection.

F.2d 612 (9th Cir.1958), this court granted standing to a third party who erroneously paid the taxes of a delinquent taxpayer. In *Halton Tractor*, two corporations, Halton and Durston, sold equipment to a contractor, Watson, and executed conditional sales contracts to secure payment. Because Watson owed approximately $10,000 in taxes to the government, the IRS put notices on the machinery stating "Property of the United States Government (Notice of Seizure)." These notices were incorrect because Halton and Durston had superior claims. After paying Watson's taxes to remove the lien, Halton and Durston sued for a refund. We held that Halton and Durston did have standing, following *Parsons*, because the payments were not intended to benefit Watson or the government.

The government argues that subsequent legislation makes it doubtful whether *Parsons* and *Halton Tractor* are still applicable because in 1966, Congress adopted section 7426 of the Internal Revenue Code, which explicitly authorized third-party suits against the government in the case of wrongful government levies. Two other circuits have so reasoned. In *Busse v. United States*, 542 F.2d 421 (7th Cir.1976), the Seventh Circuit held that a third party who erroneously pays the taxes of another person could not bring a suit for refund under section 1346(a)(1). The court reasoned that *Halton Tractor* must be viewed in light of the fact that the Code at the time did not provide a remedy for non-taxpayers harmed by a wrongful government levy but that the addition of section 7426 addressed this problem and, therefore, section 1346 need not be contorted for equity's sake. *Id.* at 425. In *Snodgrass v. United States*, 834 F.2d 537 (5th Cir.1987), the Fifth Circuit followed the Seventh Circuit and held that section 1346(a)(1) does not allow suit by a party other than the taxpayer against whom the taxes were assessed. *Id.* at 538.

We are unpersuaded by the Fifth and Seventh Circuits' attempts to distinguish *Parsons* and *Halton Tractor*. Rather, we follow the better-reasoned analysis in *Martin* and reject *Busse* and *Snodgrass*, which fail to give sufficient attention to the plain language of section 1346(a)(1).

Since Williams has standing to sue under section 1346(a)(1), the judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

REVERSED and REMANDED.