39 F.3d 1176
 74 A.F.T.R.2d 94-6788, Pens. Plan Guide P 23906Q
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frances J. DAVIS; Lavaughn T. Davis, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2047.
 United States Court of Appeals, Fourth Circuit.
 Submitted: October 4, 1994.
Decided: October 27, 1994.
Rehearing Granted, Opinion Vacated February 7, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey II, Senior District Judge. (CA-92-366)
 Frances J. Davis, LaVaughn T. Davis, Appellants Pro Se.
 Gary R. Allen, Regina Sherry Moriarty, United States Department of Justice, Washington, D.C., for Appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Frances J. Davis and LaVaughn T. Davis, husband and wife, appeal from the district court's order granting summary judgment to the United States in their suit seeking a refund of excise taxes paid by FJDMAS, Ltd., a Maryland partnership.
 
 
 2
 The relevant facts are undisputed. The Davises each own a onethird interest in the FJDMAS partnership. The remaining one-third interest is owned by Mark A. Stephens, Ltd., a Maryland corporation. The Davises each own 10 percent of that stock. The remaining 80 percent is owned by LaVaughn T. Davis, P.C., a District of Columbia corporation. LaVaughn Davis owns all stock in that corporation. The Mark A. Stephens corporation and the LaVaughn T. Davis corporation are participating employers in two qualified defined contribution pension plans: the LaVaughn T. Davis, P.C. Profit Sharing Plan 001 and the LaVaughn T. Davis, P.C. Money Purchase Plan 002.
 
 
 3
 On May 12, 1984, the Plans loaned $180,000 to FJDMAS in exchange for a note executed by the Davises in their capacities as general partners of FJDMAS. The Internal Revenue Service determined that FJDMAS was a "disqualified person" within the meaning of I.R.C. Sec. 4975(e)(2) and that the loan was a "prohibited transaction" within the meaning of Sec. 4975(c), thereby triggering the excise tax provided in that section. The Service assessed a total of $12,567 against FJDMAS for the tax years 1986, 1987, 1988, and 1989.
 
 
 4
 After FJDMAS paid the assessment in full, the Davises instituted this refund suit, pro se, in district court. From its order granting summary judgment to the United States, the Davises appeal.
 
 
 5
 The United States claims, for the first time in this appeal, that the Davises lacked standing to institute this refund suit. We agree.
 
 
 6
 Standing is jurisdictional and cannot be waived. See Smith v. County of Albemarle, 895 F.2d 953 (4th Cir.) (assertion, first raised on appeal, that plaintiffs lacked standing presented a question of jurisdiction vel non and thus had to be considered), cert. denied, 498 U.S. 823 (1990); Fed.R.Civ.P. 12(h)(3); see also National Org. for Women, Inc. v. Scheidler, 62 U.S.L.W. 4073, 4075 (U.S.1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.").
 
 
 7
 District courts have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. Sec. 1346(a)(1). This Court interprets Sec. 1346(a)(1) to allow only "one against whom the tax was erroneously assessed or collected " to bring a suit for refund. Martin v. United States, 895 F.2d 992, 994 (4th Cir.1990) (emphasis added).
 
 
 8
 Here, the Davises were neither assessed nor did they pay the tax at issue. Therefore, they did not have standing to maintain this action. Accordingly, we vacate the judgment of the district court and remand with directions to dismiss the action for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED