**BHAYA, Lal R. and Carner, Richard and Haessler, William J. and Parzick, Henry A. and Williams, Earle, Appellants,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION.**

No. 87–1026.

United States Court of Appeals, Third Circuit.

Argued Aug. 4, 1987.

Decided Nov. 2, 1987.

Rehearing and Rehearing En Banc Denied Nov. 30, 1987.

Alan B. Epstein (argued), Kirschner, Walters & Willig, Philadelphia, Pa., for appellants.

Dona S. Kahn (argued), Harris and Kahn, Philadelphia, Pa., for appellee.

Before SEITZ, MANSMANN and GREENBERG, Circuit Judges.

**OPINION OF THE COURT**

MANSMANN, Circuit Judge.

This is an appeal from the district court's entry of judgment for the defendant employer under Fed.R.Civ.P. 50(b) notwithstanding the jury verdict for the plain-

tiffs in this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* We have jurisdiction under 28 U.S.C. § 1291 to review the final order of the district court. When deciding a motion for judgment notwithstanding the verdict, the trial judge must determine whether the evidence and justifiable inferences most favorable to the prevailing party afford any rational basis for the verdict. *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.,* 789 F.2d 253 (3d Cir.1986). Our review of the application of this standard is plenary. *Id.* We find that the district court erred in failing to afford the plaintiffs the benefit of all reasonable inferences to be drawn from the evidence. Consequently we will vacate the order of the district court and remand for reinstatement of the jury verdict in favor of the plaintiffs.

## I.

The plaintiffs are five engineers who were laid off or retired on December 17, 1982 when the defendant Westinghouse Corporation eliminated the job progression of Negotiation Engineer. The plaintiffs were the only employees in that job progression and, at the time of their terminations, they ranged in age from 54 to 62 and had between 16 and 39 years of service with Westinghouse.[1] The parties agree that economic conditions necessitated a reduction in force. They also agree that, under the collective bargaining agreement which governs their relationship, the plaintiffs were not eligible to "bump" employees in other job progressions.

The plaintiffs filed this action claiming that, in effectuating the necessary force reduction, the defendants discriminated against the plaintiffs because of their age. The district court had subject matter jurisdiction under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* ("ADEA").

The plaintiffs claimed that the defendants eliminated the plaintiffs' job progression because the engineers in that category were older than engineers in two other salaried job progressions—namely "Availability Assurance Engineer" and "Applications Engineer"—which were not eliminated. The plaintiffs claimed that their duties were assumed by Availability Assurance Engineers and Applications Engineers, and that they are qualified to do the work performed by Availability Assurance Engineers and Applications Engineers. The plaintiffs asserted that the defendants could have maintained an adequate workforce by laying off engineers in all three progressions according to their seniority and transferring the duties of the other classifications to the older and more senior Negotiations Engineers. The plaintiffs' theory of recovery was that the jury could logically infer, from the defendant's failure to pursue this course of action, that age was a factor in the defendant's decision to eliminate the plaintiffs' job progression.

At the close of the evidence, the defendants moved for a directed verdict. The motion was denied. The jury was instructed that it might find for the plaintiffs under the ADEA only if age was a determining factor in Westinghouse's selection of the job classification of negotiations engineer for elimination. When the jury returned a verdict for the plaintiffs, the defendants moved for a judgment n.o.v., because of the asserted insufficiency of the evidence or, in the alternative, for a new trial because of asserted trial errors.[2] Judgment n.o.v. was granted by the district court. Consequently, no action was taken on the Motion for a New Trial.

## II.

■ A plaintiff may recover under the ADEA only if he proves by a preponderance of the evidence that age was a deter-

---

1. Plaintiff Lal R. Bhaya was 58 years of age and had 16 years of service; Richard Carner was 54 and had 31 years of service; William J. Haessler was 55 and had 35 years of service; Henry A. Parzick was 62 and had 39 years of service, and Earle Williams was 59 with 33 years of service.

2. In addition to its claims regarding the sufficiency of the evidence, the defendant based its new trial motion on asserted errors involving, *e.g.,* admission and/or exclusion of certain evidence, jury instruction, and prejudicial comments in the presence of the jury.

mining factor in the employer's decision. *Smithers v. Bailar*, 629 F.2d 892 (3d Cir. 1980). He may meet this burden with direct evidence, or when no direct evidence of intent is available, the employee plaintiff may have the benefit of a presumption of the employer's discriminatory intent by first establishing a prima facie case by circumstantial evidence. "This prima facie case is easily made out: a plaintiff alleging a discriminatory layoff need show only that he was laid off from a job for which he was qualified while others not in the protected class were treated more favorably." *Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983).

As in any lawsuit, if the plaintiff fails to establish his prima facie case, the defendant may persuade the district court to dismiss the action. *U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983) (*"Aikens"*). If the plaintiff successfully proves its prima facie case, the defendant has the "burden of proof at this stage to meet [plaintiff's] prima facie case of discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (*"McDonnell Douglas"*). To withstand a directed verdict, the defendant must "articulate some legitimate, nondiscriminatory reason" for its action, *id.* at 802, 93 S.Ct. at 1824, and must introduce evidence to prove that it acted for this reason. *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). The burden of production then shifts back to the plaintiff, because the ultimate burden to prove discriminatory animus remains with the plaintiff. *See e.g. Duffy v. Wheeling Pittsburgh Steel Corp.*, 738 F.2d 1393, 1395 (3d Cir.) *cert. denied*, 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) (*"Burdine"*). The plaintiff may meet this burden either through evidence presented in his case in chief or by way of rebuttal evidence.

The defendant in this case made no attempt to persuade the district court to dismiss the action for lack of a prima facie case. Instead, the defendant has done everything that would be required of him if the plaintiff had properly made out a prima facie case. Therefore, whether the plaintiff actually did so is no longer relevant. *Aikens*, 460 U.S. at 715, 103 S.Ct. at 1482.

When the defendant responds to the plaintiff's proof by offering evidence of the reason for its treatment of the plaintiff, the factfinder is then in a position to decide the ultimate factual issue in the case. *Id.* The question facing the trier of fact at the close of the evidence in an employment discrimination case is "whether the defendant intentionally discriminated against the plaintiff." *Id.* "In short, the [factfinder] must decide which party's explanation of the employer's motivation it believes." *Id.* at 716, 103 S.Ct. at 1482.

In this case, the plaintiffs assert that their job classification was selected for elimination by the defendant because of the age of the engineers remaining in that job classification. The defendant denies discrimination based on age, asserting that a reduction in force was necessitated by economic conditions and its elimination of the job category was based on a lack of need for the services being performed by negotiation engineers. Thus the issue at trial was framed by those opposing factual contentions. *See McDonnell*, 411 U.S. at 801, 93 S.Ct. at 1823.

The issue on this appeal is straightforward. The jury has told us which explanation it believes, and we are bound by that finding if there is evidence of record to support it. Our only inquiry is whether, taking the record as a whole and resolving all factual disputes in favor of the plaintiffs, the evidence and justifiable inferences therefrom reasonably support the plaintiffs' explanation. We turn now to consider whether a reasonable juror could have concluded that the defendant intentionally discriminated against the plaintiffs because of their age.

## III.

 Each plaintiff testified that when he was laid off or retired his remaining work was transferred to a younger engineer in another job progression, and that younger engineers were retained to perform work which the plaintiffs were qualified to perform. The plaintiffs also presented expert testimony of Richard Andrulis, Ph.D., who opined that the plaintiffs were qualified to perform the remaining tasks in other job progressions and that the tasks could have been transferred without a change in plaintiffs' job description. Andrulis testified that statistical analysis had led him to the conclusion that there was "no question that age was a determining factor" in the decision to eliminate the plaintiffs' job progression. ·

The plaintiffs' expert testified that layoffs by seniority within each job family would have provided the defendants with a workforce capable of carrying out all tasks that were being performed at the time of the plaintiffs' termination. He testified that there was substantial financial benefit to Westinghouse in discharging older workers instead of younger ones. His statistical analysis showed that the class of engineers most dramatically affected by the layoffs in general were the Negotiation Engineers, who were substantially older as a group than the other engineering job families. Negotiation engineers, average age 48.9 years, were laid off at a 93.3% rate; Availability Assurance Engineers, average age 35.8 years, were laid off at a 29.4% rate.

The district court, in considering the defendant's motion for judgment n.o.v., stated that it would decline to consider whether the defendant's evidence controverted the plaintiffs' evidence inasmuch as, for purposes of a motion for judgment n.o.v., all disputed questions of fact must be resolved in the plaintiffs' favor. The district court found that the plaintiffs' evidence showed that the Negotiation Engineers were on average older than Availability Assurance and general engineers and were treated less favorably. Inexplicably, however, the district court then immediately proceeded to credit the defendant's evidence of a non-discriminatory reason for its decision to eliminate the plaintiffs' job progression.

The employer's proffered reason for preferring one group of employees over another was that Westinghouse management determined that the functions performed by the Negotiations Engineers were expendable without causing too much disruption of the normal operation of the business. Negotiations Engineers performed services for both the Marketing Department and the Availability Assurance Department,[3] and heads of both departments agreed that they could function without the services of the Negotiations Engineers who coordinated information which was available from other departments.

The defendant's evidence consisted exclusively of oral testimony regarding its reason for elimination of the job.[4] The reason was principally explained by James Borden, Manager of the Availability Assurance Department with responsibility for both Availability Engineers and Negotiation Engineers at the time the plaintiffs were terminated. Evidence regarding the collective bargaining agreement was provided by the oral testimony of witnesses Borden and Chester A. Turnbull, Manager of Salary Labor Relations and of Wage and Salary Administration at Westinghouse.

The defendant's witnesses testified that the job tasks could not have been transferred without engaging in collective bargaining unless assumption of those tasks would have required no revision of the plaintiffs' job description. The witnesses asserted that such a redescription would have been necessitated so that interchangeability was precluded except through collective bargaining.

---

**3.** Plaintiff Bhaya was a Negotiations Engineer with the Marketing Department, while the other plaintiffs were Negotiations Engineers with the Availability Assurance Department.

**4.** The defendants apparently maintained no contemporaneous "paper trail" to evidence the course of business planning and decision-making leading to the effectuation of the reduction in force.

In crediting the defendant's explanation, the district court effectively reversed the requirement that in reviewing a jury verdict we are to draw all inferences in favor of the prevailing party. The proof of this type of case is no different than any other, and there is no reason in an age discrimination case why testimony evidencing a reason *must* be credited by the factfinder.

We are reviewing a general verdict. It is impossible to tell whether the plaintiffs' evidence persuaded the jury that the employer considered age in addition to the relative expendability of the particular services being performed by the plaintiffs or whether the jury simply disbelieved the defendant's explanation for its action. If there is evidence to support either of these possible reasons for the verdict, the district court erred in granting judgment notwithstanding the verdict. Viewing the evidence in the light most favorable to the plaintiffs and drawing competing inferences in their favor, we find that the record contains indirect evidence which, if credited, raises an inference of discrimination.

The district court erroneously determined that the indirect evidence supporting the plaintiffs' prima facie case "cannot, without more, give rise to an inference of age discrimination in light of defendant's articulation of a legitimate, nondiscriminatory reason for its decision to eliminate the negotiation engineer job progression." The district court apparently thought that the defendant dispelled any inference of discrimination merely by introducing testimony of a legitimate reason for its actions.

Evaluation of witness credibility is the exclusive function of the jury, and where the only evidence of intent is oral testimony, a jury could always choose to discredit it. *Carter v. Duncan–Huggins, Ltd.,* 727 F.2d 1225, 1234 (D.C.Cir.1984). *See also Dreyer v. Arco Chemical Div. of Atl. Richfield,* 801 F.2d 651, 655–56 (3d Cir. 1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987).

The plaintiffs introduced evidence that (1) they belong to a protected class; (2) they were qualified for their positions; (3) they were dismissed despite being quali-

fied; and (4) they ultimately were replaced by persons sufficiently younger to permit an inference of age discrimination. *See Chipollini v. Spencer Gifts,* 814 F.2d 893 (3d Cir.), *cert. dismissed,* —— U.S. ——, 108 S.Ct. 26, 97 L.Ed.2d 915 (1987); *Maxfield v. Sinclair International,* 766 F.2d 788, 793 (3d Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). From this the jury can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on an illegal discriminatory criterion such as age. *Id.*

The district court also relied erroneously upon an asserted absence of evidence "directly impugning the nondiscriminatory reason articulated by defendant for its decision to eliminate the negotiation engineer position." The testimony of the plaintiffs' expert during their case in chief specifically takes issue with the defendant's assertions that the plaintiffs were not qualified to perform work still existing at Westinghouse. The expert also challenged the defendant's assertion that such work could not have been transferred to the plaintiffs as readily as the plaintiffs' work was transferred to engineers in other progressions.

The plaintiffs' evidence was adequate to support an inference, initially a presumption, of discrimination. When the defendant produced evidence of a nondiscriminatory reason, the *presumption* dropped from the case. A permissible *inference* remained, however, to create an issue of fact. In addition, the testimony of the plaintiffs' expert raised issues of fact with respect to the defendant's asserted reason.

Because we must resolve all factual issues in favor of the plaintiffs, we must assume that the factfinder did not believe the defendant. "When all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for an employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration such as (age)." *Furnco Construction Corp. v. Waters,* 438 U.S. at 577, 98 S.Ct. at 2950 (emphasis in original). Therefore, the in-

ferences from the plaintiffs' prima facie case, together with the testimony provided by the plaintiffs' expert which rebuts the proffered explanation by the defendant, may support a verdict in their behalf.

## IV.

We find that, in considering the defendant's motion for judgment notwithstanding the verdict, the district court failed to give the plaintiffs the benefit of all reasonable inferences to be drawn from the evidence. Therefore we will vacate the order of the district court and remand for reinstatement of the jury verdict in favor of the plaintiffs. On remand the district court may consider the contentions of the defendant contained in the Motion for a New Trial.