Benjamin **BRODEY, Lisa Brodey and Kim Brodey as Co–Executors of the Estate of Jane Brodey, Plaintiffs,**

**v.**

**UNITED STATES of America and John D. Johnson, District Director of Internal Revenue, Defendants.**

**Civ. A. No. 86–1984S.**

United States District Court, D. Massachusetts.

Oct. 7, 1991.

Robert Bruce Allensworth, Kirkpatrick & Lockhart, Boston, Mass., for plaintiffs.

W. Stephen Muldrow, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

SKINNER, District Judge.

This is an action to recover monies paid to the Internal Revenue Service by a taxpayer who erroneously assumed that she was personally liable for the taxes of a corporation of which she was an officer and shareholder. The plaintiff bases jurisdiction on 28 U.S.C. § 1346(a)(1). The United States moves to dismiss the complaint, arguing that the plaintiff has no standing to sue.

For the purpose of a motion to dismiss, I take the well-pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The plaintiff alleges the facts as follows: Jane Brodey, a financially unsophisticated fifty-eight year old divorcee, purchased shares of Newbury Cafe, Inc. ("Newbury Cafe"), at the request of John Aument, the corporation's president. In addition to her investment, she made loans to and was appointed as treasurer of the corporation. However, she never became actively involved with the management of the business, nor did she exercise any duties as a corporate officer. The corporation failed to pay its 1984 and 1985 FICA and FUTA tax assessments, which amounted to $105,694.55. In June, 1985, Mr. Aument and an unnamed business consultant advised Ms. Brodey that she was personally liable for the payment of the taxes and that the IRS could foreclose on her own assets if she failed to pay. Ms. Brodey trusted her advisors and in reliance of the mistaken assumption that she was liable for the taxes, she borrowed $128,000 at over 20% interest. She paid the taxes which the IRS had assessed to Newbury Cafe in July, 1985. In October, 1985, Newbury Cafe filed for relief under Chapter 11 of the United States Bankruptcy Code.

Ms. Brodey later became aware that she had not in fact been personally liable for the taxes of Newbury Cafe. In February, 1986, she filed a timely administrative claim with the Internal Revenue Service for a refund of the $105,694.55 she had paid on behalf of Newbury Cafe. Her claim was denied in March, 1986. In February, 1986, she filed this action. The IRS filed a motion to dismiss for lack of jurisdiction. By consent of the parties and with the approval of this court, these proceedings were stayed until Ms. Brodey had a chance to pursue her claim against Newbury Cafe's trustee in Bankruptcy, by then in Chapter 7 liquidation proceedings. In that forum she claimed that she was entitled to subrogation to the position that the IRS should have had as against the assets of Newbury Cafe. With the Bankruptcy Court's approval, she settled with the trustee for a determination that $61,500 be allowed secured federal tax lien status and the remaining 44,194 be treated as an unsecured tax lien. *See Stephen S. Gray, Trustee, Newbury Cafe v. Jane Brodey, et al., Settlement Agreement*, Dkt. No. 86–1394JNG (Bankr.D.Mass. Mar. 1, 1988). She claims to have received $46,415.35 in distributions. Jane Brodey has since died and the co-executors of her estate continue as plaintiffs in this action. The plaintiffs demand judgment against the IRS or alternately against the District Director in his individual capacity in the amount of $59,279.20 plus interest, which is the difference between the amount which was distributed to Ms. Brodey as a result of the Bankruptcy action and the $105,694.55 which she paid to the IRS in 1985.

*Background*

28 U.S.C. § 1346(a)(1)

Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) which provides:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;

Plaintiffs contend that the plain language of the statute confers jurisdiction on this court, as the complaint alleges that an internal revenue tax was erroneously collected from the decedent. The IRS maintains that § 1346(a)(1) must be interpreted in light of various procedural requirements of the Internal Revenue Code. The IRS specifically relies on 26 U.S.C. §§ 6511(a), 7422(a), 6402(a) and 7701(a)(14) to show that Ms. Brodey was not a "taxpayer" as defined by the statutory scheme, and thus had no standing to bring suit on this matter.

26 U.S.C. (Internal Revenue Code)

The Internal Revenue Code provides:

26 U.S.C. § 6511. Limitations on credit or refund

(a) Period of limitation on filing claim.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

26 U.S.C. § 7422. Civil actions for refund

(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 6402. Authority to make credits or refunds

(a) General rule.—In the case of an overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

26 U.S.C. § 7701. Definitions

(a) When used in this title, when not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

(14) Taxpayer.—The term "taxpayer" means any person subject to any internal revenue tax.

*"Taxpayer" as a Term of Art*

The IRS reads the words "by the taxpayer" in § 6511(a) to mean that only a taxpayer who claims an overpayment regarding his own taxes may sue for a refund. Since Ms. Brodey's executors are claiming a refund of an overpayment of the taxes paid by the decedent but owed by Newbury Cafe, the IRS position is that this statute prevents the decedent or her executors from suing on their claim. The IRS supports its position by reading into the § 7701(a)(14) definition of "taxpayer" a requirement that the taxpayer is only a taxpayer for purposes of the taxes assessed against him individually.

The IRS relies on two principal cases and cites several others in which courts have dismissed claims for plaintiffs' lack of standing where the plaintiff claimed a refund of taxes paid in the name of another. In *Scanlon v. United States*, 330 F.Supp. 269 (E.D.Mich.1971), plaintiff sought a refund of monies paid by a corporation. The court dismissed the claim because the plaintiff had neither been assessed nor had he actually paid the taxes. *Scanlon* sheds no light on the issue of standing with respect to Ms. Brodey, however, because she, unlike the plaintiff in *Scanlon*, did in fact pay the taxes which she thinks should be refunded.

The government's second principal case, *Bruce v. United States*, 759 F.2d 755 (9th Cir.1985), involved a tax overpayment by a tax advisor in the name of the plaintiff. The plaintiff was found to have no standing to later sue for a refund. Like *Scanlon*, *Bruce* is not helpful in determining the disposition of the present case because *Bruce* similarly stands for the proposition that only the one who actually pays the taxes at issue has standing to sue.

The United States Claims Court has apparently taken the view that a "taxpayer" for refund purposes is· limited to one who made the contested payment *and* against whom the tax liability had been assessed. *See Economy Plumbing and Heating Co. v. United States,* 470 F.2d 585, 200 Ct.Cl. 31 (1972). In that case, the court allowed plaintiff to recover on a contract theory but denied plaintiff "taxpayer" status where the General Accounting Office of the United States had wrongfully paid to the IRS a sum owed by the plaintiff's joint venturer. In a footnote in a later case, the Court of Claims cited *Economy Plumbing* for the broad proposition that "In order to maintain an action for the refund of taxes under the Internal Revenue Code, the plaintiff must be the taxpayer who has overpaid his own taxes." *Collins v. United States,* 532 F.2d 1344, 1347–48 n. 2, 209 Ct.Cl. 413 (1976).

Several courts have adopted the *Collins* broad rule and have dismissed actions for lack of standing wherever the plaintiffs sued for the refund of money paid to satisfy the tax liabilities of another. *See, e.g., Busse v. United States,* 542 F.2d 421 (7th Cir.1976) (wife who paid husband's taxes to remove tax lien from wife's property has no standing to sue for refund of husband's taxes); *Ellison v. United States,* 558 F.Supp. 158 (W.D.Mo.1982) (plaintiffs who alleged that IRS representative misled and misinformed plaintiffs concerning their personal liability on corporate tax debt had no standing to sue for refund of corporate debt which plaintiffs paid).

Other courts have denied standing only where the facts show that the plaintiff had "voluntarily" paid the taxes of another. *See, e.g., Parsons v. Anglim,* 143 F.2d 534 (9th Cir.1944) (widow who alleges that IRS representative accepted payment with knowledge that widow was not liable for tax had standing to sue for refund if she had no donative intent in making payment); *David v. United States,* 551 F.Supp. 850 (C.D.Cal.1982) (corporate officer who erroneously assumed he was personally liable for taxes assessed against corporation had standing to sue for refund because he believed that he was liable). In *Schoenherr*

*v. United States,* 566 F.Supp. 1365 (E.D.Wis.1983), the plaintiff paid a corporate tax bill after an IRS agent incorrectly advised him that he was personally liable for the tax. The court held that he was a "taxpayer" under the statutory scheme and thus had standing to sue if: 1) the plaintiff believed that he was personally liable, 2) such belief was reasonable and 3) the plaintiff paid the taxes with no intention that the payment be a donation for the benefit of a third party. *Id.* at 1367.

Still another approach was recently taken by the Fourth Circuit. In *Martin v. United States,* 895 F.2d 992 (4th Cir.1990) the plaintiff sought à refund of money which had been paid to remove a lien assessed against real property owned by the plaintiff. The tax lien had been erroneously placed on the property by the IRS in order to secure payment of taxes owed by the plaintiff's former husband. · Even though the IRS acknowledged that it erred when it placed the lien on property that had already been transferred to the plaintiff, the service refused to hear plaintiff's claim on the grounds that she was not the "taxpayer" who could assert standing. In reversing the trial court's grant of summary judgment for the government, the court reviewed the applicable cases, commented on the apparent split of authority concerning the breadth of the term "taxpayer", and decided the issue based on the plain meaning of the jurisdictional statute, 28 U.S.C. 1346(a)(1). *See Martin* at 994. The court reasoned that a statute which grants the courts jurisdiction over civil actions brought against the government to recover any tax 'alleged to have been erroneously or illegally *assessed* or *collected*. . . .' (emphasis added by the *Martin* court) implicitly grants standing to one against whom the tax has been allegedly assessed or collected. *Id.* Since the court rejected the government's position that "taxpayer" must be read narrowly, the court implicitly accepted the view that the procedural hurdles of the Internal Revenue Code do not contain a hidden standing limitation.

*Discussion*

This is an issue of first impression in the First Circuit. For the reasons set forth

**48**

below, I find the government's narrow definition of "taxpayer" to be unsupported by either the language of the statutes or by common sense.

First, I think it beyond question that § 1346(a)(1)'s grant of jurisdiction to this court to hear civil actions brought against the government "alleged to have been erroneously ... collected" implies that the person against whom the tax has allegedly been erroneously collected has standing to sue. *See Martin.*

Next, I must decide whether any provisions of other statutes remove the standing which § 1346(a)(1) has conferred. The Supreme Court recently made clear that the IRS is correct in its contention that § 1346(a)(1) cannot be read without reference to the Tax Code. "Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit with certain conditions." *United States v. Dalm,* 494 U.S. 596, 601, 110 S.Ct. 1361, 1364, 108 L.Ed.2d 548 (1990) (§ 1346(a)(1) refund claim filed after limitations period mandated by Internal Revenue Code § 6511(a) cannot be maintained).

I have considered each of the provisions upon which the government relies in its attempt to bar to Ms. Brodey's executors:

26 U.S.C. § 6511(a) is silent on the issue of standing. On its face, it is a statute of limitations. It uses the word "taxpayer" in a natural, grammatically correct way from which I cannot find any inference of a limitation on standing.

26 U.S.C. § 7422 is silent on the issue of standing. On its face it imposes a requirement for administrative exhaustion prior to a lawsuit. The government does not assert that its procedures were not followed. The word "taxpayer" does not appear in the text of this section. In its memorandum the government cites this section several times without ever explaining why it may be relevant to the case. I find that it is not relevant.

26 U.S.C. 6402(a) is silent on the issue of standing. On its face, it grants authority to the Secretary of the Treasury to refund overpayments "to the person who made the overpayment." This statute does not use the word "taxpayer," but does tend to shed light on the fact that it is the will of Congress that these statutes are to be read at face value, i.e., people who overpay taxes are the people who should receive a refund of the overpayment.

Finally, 26 U.S.C. 7701(a)(14) is a definitional statute. The definition of "taxpayer" appears to be inclusive of anyone at all who is subject to any internal revenue tax at all. The government has advanced no reasoning from which the court could transform this inclusive definition into an exclusive one.

I cannot find any support for the government's narrow reading of the term "taxpayer" from the statutory definition in § 7701(a)(14) or elsewhere in the Code. "The literal language of the pertinent statutes does not help the court, the 'taxpayer'—'non-taxpayer' dichotomy not being found therein." *Economy Plumbing & Heating Co. v. United States,* 470 F.2d 585, 596, 200 Ct.Cl. 31 (1972) (dissenting opinion). Nor has the government advanced any convincing reasons why it should not refund amounts erroneously paid to the people who paid them. The government should be setting an example of fair dealing in regard to taxes. In my opinion for purposes of 26 U.S.C. § 6511(a) Ms. Brodey was a "taxpayer" because she reasonably believed that she was paying a tax for which she was liable. Accordingly she is entitled to sue for a refund.

*District Director as Defendant*

All parties are in agreement that 26 U.S.C. § 7422(f) shields officers or employees of the United States from personal liability in suits brought against the United States under 28 U.S.C. § 1346(a)(1). The claim against the District Director should be dismissed.

Accordingly, the government's Motion to Dismiss is denied with respect to defendant United States and allowed with respect to defendant District Director of Internal Revenue.