Theodore J. EVANS, et ux.

v.

UNITED STATES of America.

COLONIAL TIRE SERVICE OF WEST CHESTER, INC.

v.

UNITED STATES of America.

Civ. A. Nos. 84–3371, 85–136.

United States District Court,
E.D. Pennsylvania.

June 28, 1985.

Randall C. Schauer, West Chester, Pa., for plaintiffs.

Stephen Carlton, Law Dept., Dept. of Justice, Washington, D.C., for the U.S.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Plaintiff Theodore J. Evans is the president and principal stockholder of Colonial Tire Service of West Chester, Inc., a closely held corporation. At issue in these consolidated tax-refund proceedings is whether certain expenditures by the corporation in tax years 1977 and 1978 were reasonable and necessary business expenses of the corporation, or should be treated as constructive dividends to Mr. Evans.

There were four categories of questionable payments: (1) payments made for the purchase of treasury stock from Mr. Evans' ex-wife; (2) payments for certain life insurance; (3) expenses associated with the ownership of certain boats; and (4) the reasonable rental value of a residence supplied to Mr. Evans by the corporation at nominal rental. The pertinent issues were submitted to a jury, which returned a verdict in favor of the government with respect to payments in the first two categories, and in favor of the taxpayer with respect to payments in the latter two categories. The jury further found that the corporation was not guilty of negligently or intentionally disregarding applicable rules and regulations in the filing of its tax returns, hence should not have been subject to penalties. By stipulation (without prejudice to their post-trial and appellate rights), the parties have translated the jury's findings into a judgment in favor of the individual taxpayers in the sum of $12,188.30, and in favor of the corporate taxpayer in the sum of $19,027.92. The government has now filed a motion for judgment NOV and a motion to alter or amend the judgment.

### 1. *The Claims of Colonial Tire Service, Inc.*

The principal thrust of the government's post-trial motion is that the judgment in favor of the corporate taxpayer in C.A. No. 85–136, should be vacated and the action dismissed in its entirety, because the corporate taxpayer did not properly pursue a claim for refund before filing suit. 26 U.S.C. § 7422(a) provides:

"... No suit or proceeding shall be maintained in any court for the recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

The government asserts that, while the individual taxpayers have satisfied this requirement, the corporate taxpayer has not. Plaintiffs argue that there was substantial compliance with the statutory requirement, and that the government is chargeable with waiver and/or estoppel.

The individual taxpayers filed suit for refund, in C.A. No. 84–3371. It is agreed that they had fully satisfied the requirements of § 7422(a), *supra,* before filing suit. Several months later, the corporate taxpayer brought suit for refund, C.A. No. 85–136. On or about March 7, 1985, the government entered its appearance in C.A. No. 85–136, and filed a motion to consolidate that action with the suit brought by the individual taxpayers, C.A. No. 84–3371. In support of that motion, the government alleged, *inter alia:*

"The facts underlying this action are identical to those involved in *Theodore Evans v. United States,* C.A. No. 84–3371 (Eastern District of Pennsylvania). Theodore Evans is the majority shareholder of Colonial Tire Service of West Chester, Inc., and the facts underlying his Complaint in C.A. No. 84–3371 concern the same deductions, in the same amount, and for the same taxable years (1977 and 1978) as the expenses claimed in the instant proceeding.... The motion herein is unopposed by the plaintiff.

"Inasmuch as a consolidation of this action with C.A. 84–3371 would serve the interests of judicial economy and avoid unnecessary cost and delay, the separate civil actions should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure."

Not long afterward, counsel for plaintiffs in C.A. No. 84–3371 filed a motion to consolidate that action with C.A. No. 85–136, on essentially the same grounds, and with a parallel assertion that that motion was not opposed by the government. By Order docketed April 16, 1985, the two cases were consolidated, and trial was scheduled for April 29, 1985.

It was not until April 26, 1985, that the government first, belatedly, sought dismissal of C.A. No. 85–136 on the ground that the corporate taxpayer had not pursued a refund claim. I ruled that, in view of the government's having sought consolidation of the two cases on the ground that they were mirror-images of each other, both cases should proceed to trial.

The evidence at trial not only confirmed the fact that the two cases were mirror-images of each other, but also that, in handling the individual taxpayers' refund claim, the IRS agents had examined precisely the same records, for precisely the same purposes, and with precisely the same result, as would have been involved in reviewing a refund claim by the corporate taxpayer.

■ It has long been settled that strict and literal compliance with the requirements of § 7422(a) may be waived by the government. *Tucker v. Alexander,* 275 U.S. 228, 48 S.Ct. 45, 72 L.Ed. 253 (1927). While the statute contemplates a formal refund claim, it is clear that a timely filed informal claim can suffice. *U.S. v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). What is essential is that the taxpayer must inform the Internal Revenue

Service that a claim for a refund is being asserted, and must provide enough information so that the IRS can adequately examine the merits of the claim. *American Radiator and Standard Sanitary Corp. v. U.S.*, 318 F.2d 915, 920, 162 Ct.Cl. 106 (1963).

 It is clear, however, that the claim must be filed on behalf of the taxpayer, and must be in writing. *Furst v. U.S.*, 678 F.2d 147, 151, 230 Ct.Cl. 375 (1982). Neither of those requirements has been met in the present case. The individual taxpayers sought a refund of the overpayments of taxes which *they* had made; but neither they nor anyone else ever made a claim for refund of excess taxes paid by the corporation. Although both sets of claims are governed by resolution of the same factual disputes, only the claim of the individual taxpayers may be asserted in this court, in view of § 7422(a).

Accordingly, the judgment in favor of the corporate plaintiff will be vacated, and judgment will be entered in favor of the defendant in C.A. No. 85–136. I express no view as to the collateral-estoppel effects of the remaining judgment in favor of the individual taxpayers on the tax liabilities of the corporation as reflected in returns or amended returns heretofore or hereafter filed. I hold only that, not having filed a claim for refund for the years 1977 and 1978, the corporate taxpayer is precluded from prosecuting this litigation.

### 2. *The Claim of the Individual Taxpayers*

The government's challenge to the verdict in favor of the individual taxpayers must be rejected. The issues were factual, they were submitted to the jury without significant objection, and the jury has spoken. The evidence overwhelmingly supported the plaintiff taxpayers on the boat-expenses issues, and was adequate to withstand judgment NOV on the dwelling-house issues. The judgment in favor of the individual taxpayers will not be disturbed.

## ORDER

AND NOW, this 28th day of June, 1985, upon consideration of the defendant's motion for judgment NOV and to alter to amend judgment, it is ORDERED:

1. In C.A. No. 85–136, the defendant's motion is GRANTED. The judgment in favor of the plaintiff Colonial Tire Service of West Chester, Inc. is VACATED, and judgment is entered in favor of the defendant United States of America and against the plaintiff Colonial Tire Service of West Chester, Inc.

2. In all other respects, the defendant's motion is DENIED.