**BONNETT ENTERPRISES, INC.,**
a Pennsylvania corporation,
Plaintiff,

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 94–1403.

United States District Court,
W.D. Pennsylvania.

June 6, 1995.

Donald J. Balsley, Jr., Pittsburgh, PA.

Michael C. Colville, Asst. U.S. Atty., Pittsburgh, PA.

Angelo A. Frattarelli, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC.

## MEMORANDUM ORDER

STANDISH, District Judge.

On August 26, 1994, this case was referred to United States Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 71.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on May 19, 1995, recommended that defendant's motion to dismiss be granted without prejudice so that plaintiff's claim can be appropriately filed in the Court of Federal Claims. The parties were allowed ten (10) days from the date of service to file objections. Service was made on all parties and no objections have been filed. After review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 6th day of June, 1995;

IT IS HEREBY ORDERED that defendant's motion to dismiss is granted without

prejudice so that plaintiff's claim can be appropriately filed in the Court of Federal Claims.

The report and recommendation of Magistrate Judge Sensenich, dated May 19, 1995, is adopted as the opinion of the court.

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

SENSENICH, United States Magistrate Judge.

## I. *RECOMMENDATION*

It is recommended that defendant's motion to dismiss be granted without prejudice so that plaintiff's claim can be appropriately filed in the Court of Federal Claims.

## II. *REPORT*

Plaintiff Bonnett Enterprises, Inc. (plaintiff) brought this action on August 19, 1994, against the United States of America, for actions taken by its agency, the Internal Revenue Service (IRS). Plaintiff alleged that, on April 4, 1994, the IRS solicited sealed bids for the sale of property located at 207 Fawn Street, Plum Borough, under § 7506 of the Internal Revenue Code, 26 U.S.C. § 7506(b). The IRS had acquired this property as a result of a redemption from David, Nancy, John and Janet Bundy pursuant to 26 U.S.C. § 7425 or 28 U.S.C. § 2410 on April 2, 1994. (Am.Compl.Ex. A at 2.) On April 22, 1994, plaintiff submitted its sealed bid for purchase of the property in the amount of $112,501.00, of which plaintiff submitted $22,501.00 as a deposit. (Am. Compl.Ex. A at 1.) On April 27, 1994, the IRS accepted plaintiff's sealed bid. However, despite the information contained in the IRS's Notice of Sealed Bid Sale that a deed had been executed to the United States on April 4, 1994 (Am.Compl.Ex. A at 2), plaintiff discovered by reviewing the records of the Recorder of Deeds for Allegheny County that there was no deed executed to the United States on this date or any other.

On July 1, 1994, plaintiff's counsel sent a letter to the IRS, informing the agency that it considered the information in the Notice of Sealed Bid Sale to be a material misrepresentation, upon which plaintiff relied to its detriment. Therefore, plaintiff requested an immediate return of the deposit plus interest since April 27, 1994. (Am.Compl.Ex. B.) On July 21, 1994, district counsel for the IRS responded to the letter from plaintiff's counsel, disputing plaintiff's claim of misrepresentation and refusing to return plaintiff's deposit pursuant to 26 U.S.C. § 6335(e)(3). (Am.Compl.Ex. C.) Thereafter, plaintiff initiated this action.

On October 17, 1994, the United States filed a motion to dismiss, and on November 14, plaintiff filed an amended complaint. On November 22, 1994, the United States filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

### A. *Standard for 12(b)(1) Dismissal*

The standards for a motion to dismiss pursuant to Rule 12(b)(1) are different than those for dismissal pursuant to Rule 12(b)(6). The Court of Appeals has recognized that

A plaintiff may be prejudiced if what is, in essence, a Rule 12(b)(6) challenge to the complaint is treated as a Rule 12(b)(1) motion. When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. On the other hand, under Rule 12(b)(6) the defendant has the burden of showing no claim has been stated.

*Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.) (citation omitted), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). On several occasions, the Court of Appeals has "reversed district court dismissals premised on lack of subject matter jurisdiction where the factual and legal issue reached by the courts 'was properly a concern not of jurisdiction but of the merits.'" *Growth Horizons, Inc. v. Delaware County, Pa.,* 983 F.2d 1277, 1281 n. 5 (3d Cir.1993) (quoting *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 897 (3d Cir.1987)). *See also Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977).

█ Dismissal for lack of subject matter jurisdiction is not appropriate on the ground that a complaint fails to state a claim upon

which relief can be granted, but only if the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons,* 983 F.2d at 1280–81 (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974)). "The threshold to withstand a motion to dismiss under Fed. R.Civ.P. 12(b)(1) is thus lower than that required to stand a Rule 12(b)(6) motion." *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir.1989).

The United States moves the Court to dismiss plaintiff's amended complaint on the grounds that: (1) the United States is immune from suit because it has not waived its sovereign immunity with respect to actions relating to the assessment or collection of any tax or based upon misrepresentation or deceit, 28 U.S.C. § 2680(c) and (h); (2) plaintiff lacks standing to bring suit under 28 U.S.C. § 1346(a)(1) because it is not "the taxpayer" with respect to the deposit sent under sealed bid to the IRS; (3) plaintiff has not exhausted remedies by filing an administrative claim for refund as required by 26 U.S.C. § 7422(a); and (4) plaintiff may not seek jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) because the amount at issue is greater than $10,000.00. For the reasons that follow (which are not exactly the reasons articulated by the United States), the Court should grant the United States' motion to dismiss.

**B.** *Sovereign Immunity*

"The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941) (citations omitted). The United States refers the Court to the exceptions section of the Federal Tort Claims Act (FTCA), which states that:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

.　　.　　.　　.　　.

(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

.　　.　　.　　.　　.

(h) any claim arising out of . . . misrepresentation [or] deceit. . . .

28 U.S.C. § 2680. However, the exceptions to the FTCA are only applicable if plaintiff's claim against the United States is based in tort. Therefore, the Court must first determine whether plaintiff's complaint sounds in tort or in contract.

**C.** *Nature of Plaintiff's Complaint*

The United States notes that plaintiff contends in its complaint, as it did in its letter to the IRS on July 1, 1994, that the Notice of Bid Sale issued by the IRS contained a factual misrepresentation in stating that a deed had been executed to the United States on April 4, 1994, when in fact the United States had received no deed for the property. The United States argues that this allegation of misrepresentation means that plaintiff's complaint sounds in tort, and that it is barred by § 2680(h). *J.M. Mechanical Corp. v. United States by U.S. Dep't of Hous. & Urban Dev.,* 716 F.2d 190, 194 (3d Cir.1983). *See also United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Moreover, to the extent that plaintiff seeks to recover an amount paid to the IRS, it could be construed as an action relating to taxes barred by § 2680(c).

However, plaintiff does not contend that its suit is brought pursuant to the FTCA. Rather, plaintiff asserts that the Court should exercise jurisdiction pursuant to 28 U.S.C. § 1346(a)(1), which governs contract actions, specifically, tax refund suits. Moreover, despite the allegations of misrepresentation, the gravamen of plaintiff's complaint is that the United States failed to perform its contract by delivering a deed on the property after accepting plaintiff's bid. Finally, the Court notes that plaintiff seeks restitution damages under contract theory, namely the return of its deposit once the United States indicated that it would not be

able to deliver the deed on the property. *See Cutrubus v. United States*, 80–1 U.S.T.C. (CCH) ¶ 9174, 1979 WL 1536 (D. Utah 1979) (despite allegations that bid was made upon false representations of revenue officer, claim for return of deposit was essentially contractual in nature), discussed below. Therefore, the Court determines that plaintiff's complaint sounds in contract, not in tort, and therefore the FTCA and its exceptions are not relevant to this suit.[1]

D. *Standing of Plaintiff to Bring Suit*

As noted, plaintiff asserts that jurisdiction exists pursuant to 28 U.S.C. § 1346(a)(1), which provides that:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

The United States contends, as it has in many suits brought by individuals for tax refunds under this section, that the interaction of several internal revenue code provisions limits the scope of this subsection to individuals against whom a tax liability was assessed and who paid that liability under protest in order to seek a refund. The argu-

ment proceeds as follows: A party may not bring a refund action without first exhausting administrative remedies pursuant to 26 U.S.C. § 7422(a), only a "taxpayer" may exhaust remedies pursuant to 26 U.S.C. § 6511, and under the definitional section, 26 U.S.C. § 7701(a)(14), individuals against whom an original tax liability was not assessed are not "the taxpayer." *See Bruce v. United States*, 759 F.2d 755 (9th Cir.1985); *Busse v. United States*, 542 F.2d 421 (7th Cir.1976); *Hofheinz v. United States*, 511 F.2d 661 (5th Cir.1975); *Eighth St. Baptist Church, Inc. v. United States*, 431 F.2d 1193 (10th Cir.1970). However, not all courts had accepted the United States' interpretation of these provisions. *See Martin v. United States*, 895 F.2d 992 (4th Cir.1990); *Barris v. United States*, 851 F.Supp. 696 (W.D.Pa.1994). Subsequent to the parties' filing of briefs in this case, the United States Supreme Court held that an individual against whom a tax lien had been asserted could pay under protest and seek relief under § 1346(a)(1), even though the original tax liability had been assessed against someone else. *See United States v. Williams*, —— U.S. ——, 115 S.Ct. 1611, 131 L.Ed.2d 608 (1995). As interesting as this line of cases may be, however, it is not relevant to the resolution of the issue in this case. Rather, plaintiff's problem is that its suit does not belong under § 1346(a)(1).[2]

E. *Identifying the Proper Jurisdictional Statute*

■ Section 1346(a)(1) describes suits brought for tax refunds. As such, it is not

---

1. In response to the United States' motion to dismiss, plaintiff asserts that the United States has waived its sovereign immunity with respect to contract claims, citing 28 U.S.C. §§ 2401–02. Whether or not the United States has waived its sovereign immunity with respect to contract claims depends upon which statute, if any, permits plaintiff's claim. However, 28 U.S.C. § 2401 is a statute of limitations for bringing suit against the United States, and § 2402 concerns trial by jury. Neither section addresses sovereign immunity.

2. The Court notes that, if this action properly arose under § 1346(a)(1), the United States' exhaustion argument would not succeed in any event. Although plaintiff did not file a formal request for refund, "[i]t is well settled that an informal claim is sufficient to satisfy the statutory prerequisite of Title 26 U.S.C. § 7422(a)." *United States v. Brunwasser*, 91–1 U.S.T.C. (CCH)

¶ 50,047, at 87, 193–94, 1990 WL 264715 (W.D.Pa.1990). "If a taxpayer submits to the Internal Revenue Service some sort of written instrument which informs the administrative agency that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action, this is sufficient." *D'Amelio v. United States*, 679 F.2d 313, 315 (3d Cir.1982) (quoting *Barenfeld v. United States*, 442 F.2d 371, 374, 194 Ct.Cl. 903 (1971). *See also Evans v. United States*, 618 F.Supp. 621 (E.D.Pa.1985), *aff'd without opinion*, 787 F.2d 581 (3d Cir.1986)). In this case, plaintiff submitted a letter to the IRS informing the agency of its demand for the return of its deposit and the reason for such demand, and the IRS responded, reaching the merits and denying the claim. (Am.Compl.Exs. B, C). Thus, if exhaustion of administrative procedure were required, plaintiff would have satisfied the requirement.

applicable to plaintiff's suit to recover a deposit, although that deposit was made to the IRS, on a Notice of Bid Sale. As discussed above, the gravamen of plaintiff's complaint is that an agency of the United States failed to honor its contractual promise to deliver a deed to property upon which plaintiff had successfully bid and then failed to return plaintiff's deposit. Had the agency conducting the sale been any agency other than the IRS, there would be no question that § 1346(a)(1) is inapplicable.

If plaintiff had deposited $10,000.00 or less, jurisdiction would exist under the Little Tucker Act, which provides that district courts have jurisdiction over "[a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon an express or implied contract with the United States...." 28 U.S.C. § 1346(a)(2). However, the United States properly notes that plaintiff's claim of $22,-501.00 exceeds the Little Tucker Act's scope, and plaintiff does not argue for jurisdiction under § 1346(a)(2).

Rather, plaintiff attempts to argue that the phrase "any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws" in § 1346(a)(1) allows it to bring suit against the United States for the collection of a deposit under a Notice of Bid Sale "wrongfully collected" under 26 U.S.C. § 7506 because the IRS collected this sum under the promise of delivering a deed which it did not in fact deliver. This argument, although ingenious, is not new. It was presented to and decided by the district court for the District of Utah in *Cutrubus v. United States,* 80–1 U.S.T.C. (CCH) ¶ 9174 (D. Utah 1979). In that case, the plaintiff was approached by a revenue officer about bidding on a car dealership which had been seized for nonpayment of taxes. As a result of representations allegedly made by the revenue officer, the plaintiff submitted a bid and deposited $16,000.00. Plaintiff subsequently demanded the return of his deposit when he learned that the representations were false. The IRS refused to return the deposit, voided the sale to the plaintiff and resold the property pursuant to 26 U.S.C. § 6335(e)(3). In addition to determining that plaintiff could not proceed under § 1346(a)(1) because he was not "the taxpayer" (which may no longer be the current state of the law in light of the *Williams* case), the court held that plaintiff's claim was clearly contractual in nature:

> The plaintiff offered to purchase property by submitting his bid to the IRS. The IRS accepted the offer, and the $16,000 check accompanying the bid acted as a down payment on the purchase. Trouble subsequently arose when it became evident that the franchise would not be terminated voluntarily by the former owner. At this point the parties attempted to assert their alleged rights under the agreement. The plaintiff requested that the IRS halt the operations of the dealership for a period of time to allow for an involuntary termination of the franchise. When the IRS refused, the plaintiff demanded the return of the $16,000 on the basis that the condition regarding franchise approval was not met. The IRS demanded from the plaintiff the rest of the purchase price, undoubtedly on the basis that its acceptance of the bid gave them that right regardless of whether or not franchise approval occurred. Thus, the rights of the parties to the $16,000 depend totally on their contractual rights.

*Id.* at 83, 225.

This case presents a nearly identical situation—plaintiff alleges that it would not have bid on the property but for a misrepresentation by the IRS that the agency could deliver a deed on the property. Plaintiff demanded that the IRS deliver a deed or, if that was not possible, return plaintiff's deposit. The IRS responded that plaintiff should pay the rest of the purchase price and pursue a quiet title action against the Bundys. The agency further indicated that if plaintiff did not do so, its deposit would be forfeited under 26 U.S.C. § 6335(e)(3). Thus, plaintiff's claim against the IRS arising out of a Notice of Bid Sale is clearly a contractual dispute with the United States exceeding $10,000.00.

The court in *Cutrubus* therefore proceeded to determine where the claim properly belonged:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States ...

28 U.S.C. § 1491(a)(1). The court therefore dismissed Cutrubus' claim without prejudice so that it could be appropriately filed in the Court of Federal Claims. *Id.* at 83, 227. *See also Smith v. Orr,* 855 F.2d 1544, 1552 (Fed. Cir.1988) ("It is clear from the language of the Little Tucker Act that the district courts are without jurisdiction over a nontax claim against the United States on which claim plaintiff's request for recovery exceeds $10,-000.00. Such an action is proper only in the Claims Court.") (footnotes omitted).

■ The Court agrees with the decision in the *Cutrubus* case. Plaintiff's problem is not that the United States has not waived sovereign immunity with respect to this suit, or that plaintiff does not have "standing" to bring this action because it is not "the taxpayer" or that plaintiff has failed to exhaust administrative remedies. Rather, plaintiff's suit raises a contractual claim against the United States which is not for the refund of taxes, and therefore exclusive jurisdiction exists in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). Therefore, it is recommended that plaintiff's amended complaint be dismissed without prejudice so that it can be appropriately filed in the Court of Federal Claims.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.

Dated: May 19, 1995.